# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

SAMUEL L. HENDERSON,                                                       PLAINTIFF
ADC #120748

v.                                  5:17CV00028-BSM-JTK

L. JOHNSON, et al.                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

1

2. Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

## I. Introduction

Plaintiff Henderson is a state inmate incarcerated at the Maximum Security Unit of the Arkansas Department of Correction (ADC). He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs by Defendants.[1] (Doc. No. 5)

---

[1] Defendants L. Johnson, Croskete, Matlock, Going, Patton, Wosby, Dunalin, and Arkansas Department of Correction were dismissed on April 14, 2017 (Doc. No. 18), and Defendants Waddle, Moore, Hightrider, and Burls were dismissed on June 5, 2017 (Doc. No. 27).

Pending before the Court are the Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 31-33) filed by remaining Defendants Correct Care Solutions LLC (CCS) and Erica Johnson. Plaintiff filed a Response in opposition to the Motion (Doc. No. 37).

## II.    Amended Complaint (Doc. No. 5)

Plaintiff alleged that he missed doses of his seizure medication, Dilantin, between July 19, 2016 and August 5, 2016, while he was housed in administrative segregation. Although he received his medication on August 6, 2016, he attributes the missed doses of medication to a seizure he suffered on August 7, 2016. Defendant Erica Johnson is the Director of Nursing at the Unit and Defendant CCS is the medical-care provider for the ADC.

## III.    Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving

3

party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A. Defendants' Motion

Defendants state Plaintiff's allegations against them should be dismissed because he cannot show that they acted with deliberate indifference to his serious medical needs or that their actions/inactions caused the seizure he suffered on August 7, 2016. Defendants also state Plaintiff's allegations against them are based on their supervisory positions, which is not a viable legal theory under § 1983. According to the Affidavit of Defendant Johnson, who reviewed Plaintiff's medical records (Doc. No. 33-2, p. 73), Plaintiff submitted a health services request form on August 4, 2016, complaining that he missed doses of his seizure medication, Dilantin. (Doc. No. 33-3, p. 1) Johnson reviewed that request on August 5, 2016, contacted the physician and renewed Plaintiff's medication that same day. (Id.) Plaintiff received the medication on August 6, 2016 and began taking it that day. (Id.) Johnson also noted that the records show that a non-party physician attempted unsuccessfully to renew the medication on three days in July, 2016, but each time the pharmacy rejected the attempts due to errors in dates entered into the system. (Id., p. 2) In

4

addition, nursing staff who visited Plaintiff during his time in administrative segregation responded to his complaints by telling him to submit a health services request form, which is appropriate, because the nurses cannot prescribe medications or issue medications without a valid prescription. (Id.)

Defendants also present the Affidavit of Dr. Jeffrey Stieve, who is the regional medical director for CCS. (Doc. No. 33-4) He repeats the facts set forth by Johnson, and adds that Plaintiff was obligated to be pro-active in his health care by submitting the health services request form as directed by the nurses. (Id., p. 2) In addition, he notes that according to Plaintiff's deposition testimony, Plaintiff began suffering seizures at age 16, and even when he is fully compliant with his medication, suffers at least one seizure per year. (Id., p. 3; Doc. No. 33-2, p. 44) Dr. Stieve states that the medical care and treatment provided to Plaintiff by Defendant Johnson was appropriate and satisfactory for his complaints during the relevant period of time, since she became aware of his need for medication on August 5, 2016, and he received it on August 6, 2016. (Id.) In addition, Stieve stated that he cannot state to a reasonably degree of medical certainty whether the seizure Plaintiff suffered on August 7, 2016, was causally related to the missed doses of Dilantin between July 19, 2016 and August 5, 2016. (Id.)

Finally, Defendants state that Plaintiff admitted in his deposition testimony that he sued Defendant Johnson solely because she was in charge of the infirmary and the nurses, and admitted he never saw her in isolation or at pill call and never wrote to her or talked to

her. (Doc. No. 33-2, p. 49) He also stated he sued CCS because it is in charge of Johnson. (Id.) Based on this testimony, Defendants state his allegations against them should be dismissed because they did not participate in and were not directly responsible for any deprivation of his rights, citing Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990).

**B.     Plaintiff's Response**

Plaintiff claims in response that he filed a grievance about not receiving his medication and that the medical response indicated that the delay was due to the way the order was entered into the pharmacy system. He also states that he submitted a form on July 21, 2016, about not receiving his medication.

**C.     Analysis**

In order to support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). In addition, an

inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, supra, 132 F.3d at 1240.

Supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions. See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993). In particular, the plaintiff must show that the supervisor knew about the conduct and facilitated it, approved it, condone it, or turned a blind eye to it. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995). See also Otey v. Marshall, 121 F.3d 1150, 1155 (8th Cir. 1997) ("Section 1983 liability cannot attach to a supervisor merely because a subordinate violated someone's constitutional rights.")

In this case, Plaintiff alleges no facts which connect his failure to receive his

7

medication to any action or inaction of the Defendants. While there is no dispute that he did not receive his medication during his time in administrative segregation, he does not deny that when he asked the nurses about it, they told him that the medications needed to be reordered. (Doc. No. 33-2, pp. 54-55) In addition, although he claims that he submitted more than one health services request form, the form he attached to his complaint is an Inmate Request Form dated July 21, 2016. A non-party responded to this request on July 22, 2016, that he should submit his request on the 202 form (which he used on August 4, 2016). (Doc. No. 2, p. 18). Plaintiff admitted in his deposition that he had no verbal or written contact with Defendant Johnson, that she did nothing physically to him, and that he sued her because she is in charge of the infirmary. (Doc. No. 33-2, p 49) He also stated he sued CCS because it is in charge of Johnson. (Id., p. 5). While the Court finds grossly negligent the actions of the non-party who erred in several attempts to order Plaintiff's medication in the pharmacy computer system, Plaintiff alleges no facts to link or connect those actions to either of the Defendants. And, the evidence clearly shows that as soon as Defendant Johnson received Plaintiff's August 4, 2016 health services request form (202), she took action and he received his medication on August 6, 2016. (Doc. No. 33-2, pp. 72-73)

**IV.    CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 31) be GRANTED, and Plaintiff's complaint against Defendants be

8

DISMISSED with prejudice.

    IT IS SO RECOMMENDED this 25th day of April, 2018.

                                                    _____
                                                  JEROME T. KEARNEY
                                                  UNITED STATES MAGISTRATE JUDGE